Gary Ray Fraley, SBN: 80056
Paramprit (Paul) Singh Bindra, SBN: 311916
Fraley & Fraley
1401 El Camino Avenue, Suite 370
Sacramento, CA 95815
Tel: 916-485-5444
Fax: 916-485-8969
Email: fraleyandfraley@gmail.com

Attorneys for Brian Kenneth Sanchez

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Brian Kenneth Sanchez,<br><br>       Debtor,<br><hr>Brian Kenneth Sanchez,<br><br>       Plaintiff<br><br>v.<br><br>PNC Bank, N.A. and Select Portfolio Servicing, Inc.,<br><br>       Defendant. | Case No. 2015-20002<br><br>Chapter 13<br><br>Adversary No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND RELATED STATE AND FEDERAL CAUSES OF ACTION** |

Plaintiff Brian Kenneth Sanchez, Chapter 13 Debtor, alleges as follows:

### <u>JURISDICTION AND VENUE</u>

1.     This adversary proceeding arises out of and is related to the above-captioned Chapter 13 case of Brian Kenneth Sanchez, Case No. 2015-20002.

2.     Defendant herein has a claim against Plaintiff, as defined by 11 U.S.C. §101(5). The complaint, as set forth herein, involves the amounts of the secured status of a claim pursuant to 11 U.S.C. §501-§508, and as such, constitutes a "core" proceeding pursuant to 28 U.S.C. §157(b).

3.      To the extent that any part of this matter is deemed non-core, the Plaintiff consents to this Court in rendering final judgment.

4.      Plaintiff contends that the related State causes of action are core matters as they would not exist outside of the bankruptcy context; involve the allowance of a claim under 11 U.S.C. §157(b)(2)(A); involve matters subject to 11 U.S.C. § 157(b)(2)(O); and inextricably bound to the claims allowance process.

5.      Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §1409(a).

## PARTIES

6.      Plaintiff, Brian Kenneth Sanchez, is a debtor in bankruptcy Case No. 2015-20002 and resides at 7110 Gladwin Way, Elk Grove, CA 95757.

7.      Defendant, PNC Bank, N.A. is a National Bank (hereinafter "PNC").

8.      Defendant, Select Portfolio Servicing, Inc. is a a foreign corporation incorporated in the State of Utah, with its address being 3217 S. Decker Lake Drive., Salt Lake City, UT 84119 and Agent for Service of Process being Corporation Service Company Which Will Do Business In California as CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Ste 150N, Sacramento CA 95833 (hereinafter "SPC").

9.      For purposes of this complaint, both PNC and SPC will collectively be referred to as "Defendants".

## FACTUAL ALLEGATIONS

10.      Plaintiff filed their Chapter 13 case on January 2, 2015.

11.      An order for relief was entered in this case on January 2, 2015, pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection against the Debtor.

12.      Defendants filed a proof of claim in this case on April 28, 2015 as Claim Number 1 and in doing so, has knowledge of the bankruptcy case of debtor. See Exhibit A.

13.      On August 3, 2016, the debtor's last Chapter 13 plan was confirmed. See Docket Report, Exhibit B and Plan, Exhibit C.

14.      Plaintiff contends that Defendant is violating the confirmed plan (Exhibit C), and all

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND RELATED STATE AND FEDERAL CAUSES OF ACTION**

previously confirmed plans, which provides for the method in applying payments, Section 2.08(b)(5), as the payments are not applied as if the claim was current and no arrearage existed:

*(5) Post-petition payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim were current and no arrearage existed on the date the case was filed.*

15.     Specifically, attached as Exhibit D is a spreadsheet which details the beginning balance from the POC filed by the Defendant, Exhibit A, which applies the principal and interest portion of the payments, which reveals that the beginning balance for the ongoing payments from the trustee to be $432,636.20[1], which is the required balance pursuant to plan provision Section 2.08(b)(5).

16.     Attached as Exhibit E is a spreadsheet that applies the payments made post-petition by the trustee.  The running balance as of the payment made on February 28, 2017 calculates the balance as $419,660.44 however, a statement provided by Defendants, Exhibit F, around the same period, shows a balance of $422,944.19, a difference of $3,283.75, to the detriment of the Plaintiff debtor.

17.     In addition, the spreadsheet in in Exhibit E has an impound balance of $1,263.55 yet the Notice of Mortgage Payment Change statement from Defendants, Exhibit G, claims an impound balance of $-1,234.74.  A difference of over $2,500.00.

18.     It appears that the accounting measures employed by Defendants are benefiting Defendants to the tune of approximately $5,500.00[2] to the detriment of the Debtor/Plaintiff.

19.     Substantial questions exist related to the impound account as the POC filed in Exhibit A reveals a shortage.  The spreadsheet attached as Exhibit D reveals that on the day of the case being filed, allowing for the loan being current as of the date of filing as required by the plan, should have shown an escrow balance in the positive of $522.99.  A true analysis on the impound account will be rendered more accurate during the discovery process.

20.     Plaintiff contends this is merely the "tip of the iceberg" in relation to the inaccuracy of the allocation of payments by Defendant thereby shorting the escrow/impound account, misreporting interest paid to the Department of Treasury and misreporting the loan overall related to balances due

---

[1]  A deferred amount of principal of $13,948.48 is not included in this amount.

[2] Under California Law, Penal Code 487(a) states: Grand theft is theft committed in any of the following cases:  (a) When the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950)...

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND RELATED STATE AND FEDERAL CAUSES OF ACTION**

1   and owing across the entire spectrum of the loan, i.e. principal balance, impound account.

2   21.     Further, Plaintiff contends that such an allocation is solely beneficial to the Defendant,

3   overpaying them interest that they are not legally entitled to receive.

4   22.     If this misapplication of payments were to continue, upon plan completion, the impound

5   account will be short and the balances will not be accurate to effect a successful fresh start for the

6   debtor.  Further, the amounts misapplied would allow Defendants to take money of the Plaintiff in an

7   amount exceeding California Penal Code 487.

8   23.     Notices of Mortgage Payment Change have been filed by the Defendant, Exhibit G, which

9   contain flawed impound analysis as they do not properly account for the impound account as stated

10  above.

11  24.     The acts of the Defendant is similarly related to untimely providing Notices of Mortgage

12  Payment Change consistent with the recent administrative settlement with the United State Trustee in

13  the Case of In re Green, Case No. 11-33377-TJC in the United States Bankruptcy Court for the

14  District of Maryland, Exhibit H, with Wells Fargo Bank.

15  25.     Plaintiff requests that he be given similar remedies, in the form of credits to his impound

16  account for untimely filing the Notices of Mortgage Payment Change as was given the Plaintiff in the

17  Green supra case.

18  26.     Defendant's conduct has caused Plaintiff to experience worry and concern that are separate

19  from the anxiety felt about the bankruptcy filing. His reactions and emotions are not fleeting or

20  inconsequential. He has suffered significant emotional harm as a result of Defendant's conduct. The

21  circumstances surrounding the above acts make it obvious that a reasonable person would suffer

22  significant emotional harm. He has suffered actual damages in the forms of out-of-pocket expenses,

23  attorney's fees, and emotional distress.

24              **BANKRUPTCY LAWS PREEMPTING STATE LAW IS LIMITED**

25  27.     There are many instances in the Bankruptcy Code where Congress either has deferred to state

26  law or has expressly and affirmatively incorporated state law into the bankruptcy scheme. See

27  Sherwood Partners Inc. v. Lycos, Inc., 394 F.3d 1198, 1201 (9th Cir.2005).

28  28.     States are not precluded by the Constitution from enacting insolvency laws provided those

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

-4-

laws do not conflict with federal bankruptcy legislation.  See <u>Sturges v. Crowninshield,</u> 4 Wheat. 122, 17 U.S. 122, 195-97, 4 L.Ed. 529 (1819); <u>Rhodes v. Stewart,</u> 705 F.2d 159, 163 (6th Cir.1983); <u>Matter of Sullivan,</u> 680 F.2d 1131, 1137 (7th Cir.1982).

29.     Plaintiff contends the underlying State law claims do not interfere with the bankruptcy court's jurisdiction, as a finding of liability under the State law claims would not determine whether the automatic bankruptcy stay was violated, plan failed to be complied with or a Proof of Claim objection is sustained.

30.     The filing of a proof of claim triggers the claims allowance and disallowance process, and, accordingly, the bankruptcy court's core jurisdiction under 28 U.S.C. §157(b)(2)(B).

31.     The State law claims are "related to" this bankruptcy case as its their outcomes both  (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."

## I. FIRST CLAIM FOR RELIEF
### Stay Violation

32.     The foregoing paragraphs are incorporated herein by reference.

33.     Plaintiff confirmed their Chapter 13 Plan which provided for the Defendant's Secured Claim in Class 1 of the Plan.  No appeal was taken from the Order Confirming the Chapter 13 Plan and the Order in the Plan, Section 2.08(b)(5):

> *(5) Post-petition payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim were current and no arrearage existed on the date the case was filed.*

34.     This Plan provision ordered by the Court was a final order, not subject to collateral attack. The order confirming the Plan is *res judicata* as to all justiciable issues decided by confirmation.

35.     As such, the Plan is binding on the Debtor and all creditors. See, 11 U.S.C. § 1327(a); <u>United Student Aid v. Espinosa,</u> 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); <u>Finova Capital Corp. v. Larson Pharmacy Inc.</u> (In re Optical Technologies, Inc.), 425 F.3d 1294, 1300-1302 (11th Cir.2011); <u>Ford Motor Credit Co. v. Bankruptcy Estate of Parmenter</u> (In re Parmenter), 527 F.3d 606, 608-609 (6th Cir.2008); and <u>Trulis v. Barton et al.,</u> 107 F.3d 685, 691 (9th Cir.1995).

36.     In addition to the *res judicata* effect of confirmation, it is the Chapter 13 Plan, by which the

1  debtor commits him or herself, which becomes the modified contract between the debtor and creditors.

2  Hillis Motors v. Hawaii Automobile Dealers' Association (In re Hillis Motors), 997 F.2d 581, 588 (9th

3  Cir. 1993) (A confirmed reorganization plan resembles a consent decree and should be construed

4  basically as a contract); Max Recovery v. Than (In re Than), 215 B.R. 430, 435 (9th Cir. BAP 1997).

5  ("Another way of looking at the binding effect of confirmation is that the plan is a contract between

6  the debtor and the debtor's creditors.") The order confirming a Chapter 13 plan, upon becoming final,

7  represents a binding determination of the rights and liabilities of the parties as specified by the plan. 8

8  COLLIER ON BANKRUPTCY ¶ 1327.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.)

9  37.     The bankruptcy stay under 11 U.S.C. §362 remains in place, merely modified as per the plan,

10  Section 2.08(b)(4), of which, in this case is limited to:

11
12  (4) The automatic stay is modified to permit the holders of Class 1 claims to send statements,
    impound, and escrow notices, and notices concerning interest rate adjustments or the assessment
13  of fees and costs to Debtor.

14  38.     Therefore, not allocating payments per the terms of the plan[3] would be a violation of the

15  bankruptcy stay and the Court's contempt powers under 11 U.S.C. §105.

16  39.     Defendant's conduct violated 11 U.S.C. § 362(a) by not following the terms of the plan,

17  specifically provision Section 2.08(b)(5) by attempting to collect more money then they are legally

18  entitled to.

19  40.     The facts stated throughout this complaint call into question all payments that have been sent

20  or will be sent to DEFENDANTS.

21  41.     The broad impact of this violation extends to improper tax reporting, excessive interest rate

22  payments to the creditor, escrow not being properly paid, the principal balance being over or under

23  reported and the unlawful taking of funds from the Plaintiff in an amount that exceeds California

24  Penal Code 487.

25  42.     Plaintiffs request an Order declaring the Defendant guilty of violating the automatic stay; and

26  awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. §

27  362(k).

28  [3] Plaintiff contends that the mishandling of payments, to the benefit of the creditor, is conversion under California law.

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

43.     Further, Plaintiff requests that the Defendant provide a full and accurate accounting to the Court and for the Court to make a determination of the correct amounts due and owing pre-petition and post-petition consistent with the orders of this Court related to the plan and the undisputed proof of claim filed by DEFENDANTS.

## II. SECOND CLAIM FOR RELIEF
## OBJECTION TO PROOF OF CLAIM

44.     Plaintiffs reaffirm and re-allege all paragraphs hereinabove as if set forth more fully herein below.

45.     Plaintiff objects to the Notice of Mortgage Payment Change (Exhibit G which sought to modify the Proof of Claim filed by Defendants as claim #1 (Exhibit A) for the errors stated above.

46.     In addition, Plaintiff believes that all of the dollar amounts are questionable requiring a thorough accounting of payments made prior to the delinquency claimed in the Proof of Claim up to the time of the bankruptcy filing.

47.     Plaintiff further contends that Defendants are mixing the pre-petition and post-petition amounts and improperly allocating the principal, interest, charges and escrow/impound as to cause a shortage in the escrow account.

48.     Plaintiff contends that when you look at the Proof of Claim, Exhibit A and spreadsheets incorporated in Exhibit D and E, none of it reconciles with each other.  This failure to properly allocate payments is leading to the Plaintiff completing their plan in default with Defendants.

49.     Based on the facts stated above, the POC, and the Notice of Mortgage Payment Change are inaccurate.

50.     This objection to the POC and Notices of Mortgage Payment Change is brought pursuant to 11 U.S.C. §502(b) and Federal Rule of Bankruptcy Procedure §3007(b).

51.     As parties in interests, as the Debtor in the above reference bankruptcy case, Plaintiff has standing to object to the POC and Notice of Mortgage Payment Change.

52.     The Plaintiff asserts that the amounts demanded are negligently and unlawfully demanded to the detriment of the debtor.

53.     The Debtors further assert that pursuant to FRBP §9011 and FRCP §11, Defendant has not

---

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

1   performed the proper due diligence sufficient to even file the notices thereby acting in a negligent

2   manner to the detriment of the debtor's plan of reorganization. A Court may impose sanctions for

3   violation of local rules only upon showing of bad faith, willful disobedience, or gross negligence or

4   recklessness. See <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473 (9th Cir. 1989). Court may award

5   sanctions even if it lacks subject matter jurisdiction. See <u>In re Balboa Improvements, Ltd.</u>, 99 B.R. 966

6   (9th Cir. B.A.P. 1989).

7   54.     In addition, under 11 U.S.C. §105, the Court may issue any order or judgment necessary or

8   appropriate to carry out the provisions of the bankruptcy law. The relief requested by the debtor

9   herein is consistent with the powers granted the Court under 11 U.S.C. §105.

10  55.     Pursuant to FRBP §3006, Defendant cannot withdraw the POC and Notice of Mortgage

11  Payment Change after the filing of this adversary complaint.

12  56.     Plaintiff needs additional facts and evidence of the allocation of payments made prior to the

13  arrearage being calculated and the breakdown of payments as required but omitted from the POC and

14  Notice of Mortgage Payment Change to present to the Court a more accurate and defensible analysis

15  of a proper POC and Notice of Mortgage Payment Change. At present, the information provided by

16  the Defendant is so lacking in information that no such analysis by the Plaintiff could be incorporated

17  into this complaint beyond speculation.

18  57.     Further, Plaintiff asserts that the improper allocation of payments has caused the Defendant to

19  improperly report to the Department of the Treasury accurate information on how much interest has

20  been paid which has resulted in harm to Plaintiffs as they have not taken the proper tax deductions on

21  their taxes requiring them to amend the tax returns at additional cost.

22  58.     Defendant has a duty to file correct Mortgage Interest Statement Form 1098-INT with the

23  Internal Revenue Service. Said form is transmitted along with a Form 1096 which declares under

24  penalty of perjury that the information contained on the Forms is accurate. Plaintiff contends that the

25  allocation of payments is negligently performed rendering them to know the information being sent to

26  IRS is not correct despite their assertion under penalty of perjury that it is.

27  59.     The Debtors therefore finally assert that sufficient questions have been raised to challenge the

28

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

1     validity of the claim.[4]

2     60.     Therefore, Plaintiff requests that the POC and Notices of Mortgage Payment Change be

3     disallowed as a valid claim and requests after all the facts are presented, that the Court determine the

4     proper amount of the claim.

5     61.     The contract, the Note and Deed of Trust, have an attorney's fees provision and Plaintiff

6     requests attorney's fees pursuant to said contract under the reciprocal attorney's fees provisions of

7     Calif. Civil Code §1717.

### III. THIRD CLAIM FOR RELIEF
### DECLARATORY RELIEF

10    62.     Plaintiffs reaffirm and re-allege all paragraphs hereinabove as if set forth more fully herein

11    below.

12    63.     Plaintiff, a debtor in bankruptcy, is performing a confirmed Chapter 13 Plan.

13    64.     An actual controversy exists between the Plaintiff and Defendant on the application of

14    mortgage payments received by Defendant as contained in the factual allegations above.

15    65.     These issues raised above call into question all payments sent and to be sent to Defendants.

16    66.     Plaintiff contends that the Internal Revenue Service form 1098 provided by the Defendants

17    during the period of this bankruptcy is inaccurate.  When the Defendant filed form 1098 with the

18    Internal Revenue Service they did so with a IRS form 1096, transmittal, which declares under penalty

19    of perjury that the information reported was accurate.  Plaintiff contends the form 1098 is not

20    accurate.

21    67.     Plaintiff contends he is current on his Chapter 13 plan.

22    68.     The contract, the Note and Deed of Trust, have an attorney's fees provision and Plaintiff

23    requests attorney's fees pursuant to said contract under the reciprocal attorney's fees provisions of

24    Calif. Civil Code §1717.

25    69.     Plaintiff requests that the Court determine the respective rights as to amounts due and owing to

---

[4] The objecting party must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim. *In re Consolidated Pioneer Mortgage*, 178 B.R. 222 (9th Cir. B.A.P. 1995), *aff'd.* 91 F.3d 151 (9th Cir. 1996).  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  *In re Allegheny Inter.Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992).

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

1    the Defendants so they can exit their Chapter 13 plan with the definitive amounts due and owing and

2    with the fresh start he had filed the case for.

3    70.      Further, Plaintiff requests that the Court determine the proper amounts that should have been

4    reported to the Internal Revenue Service on form 1098 and order Defendants to file amended 1098's

5    and order Defendants To reimburse Plaintiff for the cost of preparing and filing amended tax returns

6    and any penalties due therein.

7    71.      Further, Plaintiff requests that the Court determine the correct application by Defendants of the

8    plan payments for the ongoing mortgage payments.

9    72.      Further, Plaintiff requests that the Court determine the correct application by Defendants of the

10   plan payments for the arrears mortgage payments.

11

## IV. FOURTH CLAIM FOR RELIEF
### CONVERSION (Common Law)

12

13   73.      Plaintiffs reaffirm and re-allege all paragraphs hereinabove as if set forth more fully herein

14   below.

15   74.      Plaintiff is sending payments to the bankruptcy trustee for, among other things, the purpose of

16   paying the ongoing payments and pre-petition arrears of the Defendant.

17   75.      Trustee has sent those payments as required under the confirmed plan. The Bankruptcy

18   Trustee does not have any claim or assertion that they own the funds paid to them by the Plaintiff but

19   are an intermediary collecting and distributing payments per the plan ordered by the Court.

20   76.      Upon receipt of the payments from the Trustee, paid by the Plaintiff, the Defendant was to

21   allocate said payments according to the terms of the plan.

22   77.      Instead, Defendants diverted the funds to be paid differently than the plan provided for, in

23   effect skimming additional funds from the payments for their own benefit which may also be a

24   violation of Penal Code 487 as Grand Theft due to the dollar amount involved.

25   78.      Conversion is the wrongful exercise of dominion over the personal property of another. See,

26   De Vries v. Brumback (1960) 53 Cal. 2d 643, 647 (conversion is "an act of willful interference with

27   personal property, done without lawful justification, by which any person entitled thereto is deprived

28   of the use and possession of the personal property").

---

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

79.     Defendant has reimbursed itself for inspection fees not approved by the Court and from funds diverted from the plan provisions.

80.     Plaintiff owns the funds[5] sent to Defendant through the bankruptcy trustee and gave those funds to Defendant for the sole purpose to be applied to payments to the Defendant per the terms of the plan.

81.     Defendant instead disposed of the funds[6] given it differently then Plaintiff tendered and in violation of the plan and was therefore inconsistent with the property rights in the funds of the Plaintiff.

82.     As a result, Plaintiff has suffered damages by improper tax reporting, excessive interest rate payments to the Defendant, escrow payments not being properly paid, the principal balance being over or under reported and the unlawful taking of funds from the Plaintiff.

83.     As such, Plaintiff requests as damages:

    a.   Money damages: damages pursuant to California Civil Code § 3336, by 1) value at the time of conversion with interest; or 2) Amount sufficient to indemnify the Plaintiff injured for the loss which is the natural, reasonable, and proximate result of the wrongful act, which could have been avoided with the proper degree of prudence (i.e. tax consequences).

    b.   Punitive damages: Exemplary or punitive damages as the acts of Defendants with were done malice or oppression. See, Cal. Civ. Code § 3357.

## V. FIFTH CLAIM FOR RELIEF
## UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS ACTS AND PRACTICES

84.     Plaintiffs reaffirm and re-allege all paragraphs hereinabove as if set forth more fully herein below.

///

---

[5] Money is considered property under conversion cause of action for a specific identifiable sum of money. See, Haigler v. Donnelly (1941) 18 Cal. 2d 674, 681; Witkin § 703.

[6] Intentional acts causing substantial interference with an owner's property right. See, Enterprise Leasing Corp. v. Shugart Corp. (1991) 231 Cal. App. 3d 737, 748 (plaintiff need only show that he was entitled to possession at time of conversion, later recovery of property does not preclude conversion claim); Witkin § 708. Control may be sufficient: manual taking of the plaintiff's personal property is not required; any wrongful assumption of control may constitute actual interference. See, Gruber v. Pacific States Savings & Loans Co. (1939) 13 Cal. 2d 144, 147.

---

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND RELATED STATE AND FEDERAL CAUSES OF ACTION**

## STATUTORY BACKGROUND

85.     California Business and Professions Code Section 17200 et seq., The Unfair Competition Law, California Business and Professions Code section 17200, provides that "unfair competition" shall mean and include any unlawful, unfair, or fraudulent business practice.

86.     Section 17203 of the California Business and Professions Code provides that "*[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.*" The court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

87.     Section 17203 authorizes courts to award injunctive relief or restitution:

> *[S]uch orders or judgments ... as may be necessary ... to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property ... which have been acquired by means of such unfair competition.*

## SPECIFIC FACTS

88.     Defendant DEFENDANTS has filed a Proof of Claim and filed amendments to the Proof of Claim, see Exhibits A, B and H, in the Plaintiff's underlying bankruptcy that are improperly prepared.

89.     Plaintiff contends that the principal due on the Proof of Claim is inaccurate in that payments made prior to the bankruptcy case being filed were not properly paid to principal and interest portions of the payment consistent with the terms of the note. Specifically payments received for principal, interest, impounds were diverted to other expenses or category of payments other than principal, interest and impounds.

90.     Plaintiff contends that the calculation of interest due on the Proof of Claim is inaccurate and the interest portion for those payments due is not properly obtained from the payment for that particular payment period. Interest was in fact calculated on the improper principal balance.

91.     Plaintiff contends that late charges due on the Proof of Claim are inaccurate and payments were misapplied to earlier installment other the current one due at the time the payment was made thereby pyramiding late charges.

92.     Further, Plaintiff contends that Defendant is mishandling payments received it during the court ordered plan to their financial benefit and to the detriment of the Plaintiff and related California consumers.

93.     These issues raised above call into question all payments sent and to be sent to DEFENDANTS.

94.     Plaintiff contends that this is a common business practice of DEFENDANTS detrimental to California consumers, especially those in bankruptcy.

95.     Plaintiff contends Defendants willfully engage in unfair business practices as stated above.

96.     Misrepresenting the amounts owed  generates substantial revenue to DEFENDANTS.

Unlawful Conduct.

97.     The unlawful prong of Section 17200 "*borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.*" Cal. Consumer Health Care Council v. Kaiser Found. Health Plan, Inc., 142 Cal. App. 4th 21, 47 (2006).

98.     Without interfering with the Court's jurisdiction over bankruptcy matters, Section 17200 creates a separate action dependent on the bankruptcy court's determination of a violation of bankruptcy law.

99.     Further, the remedies under 17200 are not intended to enhance or supplement the Federal Bankruptcy law but prohibit unfair business practices done in the State which harms all citizens of California.

100.    Here, DEFENDANTS has wrongly prepared a Proof of Claim and its related amendments in violation FRCP §11 and FRBP §9011.

101.    Here, DEFENDANTS violated the automatic stay under 11 U.S.C. §362.

102.    Further, DEFENDANTS has in facts skimmed funds from the Plaintiff by diverting funds paid them to other than principal, interest and escrows thereby profiting from such conduct and placing the Plaintiff in jeopardy of failing to perform under their plan.

Unfair Conduct.

103.    Conduct is unfair under Section 17200 when it offends an established public policy that is "*tethered to specific constitutional, statutory, or regulatory provisions.*" Bardin v. Daimler Chrysler

---

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND RELATED STATE AND FEDERAL CAUSES OF ACTION**

1 | Corp., 136 Cal. App. 4th 1255, 1261 (2006).

2 | 104.   It is the public policy that debtors who filed bankruptcy are entitled to a fresh start.  The acts of

3 | DEFENDANTS as stated above all violate the established public policy of a fresh start.

4 | Allegations

5 | 105.   Each of the acts and practices of DEFENDANTS stated above are "unfair" within the meaning

6 | of California Business and Professions Code section 17200.

7 | 106.    Each of the acts and practices of DEFENDANTS stated above are "unlawful" within the

8 | meaning of California Business and Professions Code section 17200 because they violate Federal

9 | Bankruptcy Law.

10 | 107.   As a direct consequence of the Defendants' unlawful and unfair business practices, have made

11 | it difficult for the Plaintiff to complete their plan of reorganization and further have taken funds of a

12 | bankrupt Plaintiff and diverted it for their own use causes further financial harm to a debtor

13 | susceptible to substantial financial harm.

14 | 108.   Plaintiff requests  an injunction, as authorized by Business and Professions Code section 17203

15 | enjoining Defendants, their successors, agents, representatives, employees and all persons acting in

16 | concert with them, from engaging in acts and practices that are in violation of Business and

17 | Professions Code section 17200, including but not limited to the types of acts and practices alleged

18 | herein.

19 | 109.   Plaintiff requests an order directing Defendants to pay restitution in an amount according to

20 | proof, as authorized by Business and Professions Code section 17203, for violations of Business and

21 | Professions Code section 17200 et seq.

22 | 110.   Plaintiff requests an order directing Defendants to disgorge all monies, including any profits,

23 | they gained as a result of their violations of Business and Professions Code section 17200 et seq.

24 | 
25 | **VI. SIXTH CLAIM FOR RELIEF**<br>**ATTORNEY'S FEES**

26 | 111.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

27 | 112.   Effective December 1, 2014, Plaintiff is no longer required to plead attorney's fees as a

28 | separate claim for relief.  However, in order to maintain consistency with the court holdings in this

COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND<br>RELATED STATE AND FEDERAL CAUSES OF ACTION

1    district, Plaintiff is pleading attorney's fees as a separate claim for relief for clarity.

2    113.    Plaintiff is entitled to attorney's fees pursuant to 11 U.S.C. § 362(k).

3    114.    Plaintiff is entitled to attorney's fees pursuant to the terms of the contract between parties, a

4    copy of the contract is attached as Exhibit A in the Proof of Claim.

5    115.    Attorney's fees under the contract are applicable under California Civil Code §1717, a

6    reciprocal contractual attorneys' fees statute, the Plaintiff is entitled to reimbursement of attorney's

7    fees.

8    116.    WHEREFORE, Plaintiffs request an award of reasonable attorney's fees pursuant to 11 U.S.C.

9    § 362(k) and pursuant to the terms of the contract between the parties.

10    **VII. REQUEST FOR JUDGMENTS AND ORDERS**

11    117.    Based on the foregoing, Plaintiff requests that the Court enter a final judgment which:

12        a.    Declares DEFENDANTS guilty of violating the automatic stay;

13        b.    Awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11

14            U.S.C. § 362(k);

15        c.    Sustain the objection to the Proof of Claim and related amendments and give

16            DEFENDANTS 30 days from the date of such order to amend its claim;

17        d.    To provide the Plaintiff with amended IRS tax forms 1098's from the date of filing to date;

18        e.    For all costs associated with amending and filing amended tax returns with the corrected

19            information in the 1098 and related penalties and fees associated therein;

20        f.    For Declaratory Relief which includes a full and accurate accounting to the Court of which

21            the Court has made a determination of the correct amounts due and owing pre-petition and

22            post-petition consistent with the orders of this Court related to the plan and the court agreed

23            undisputed proof of claim and Notice of Mortgage Payment Change filed or to be filed by

24            DEFENDANTS;

25        g.    Actual money damages for improper conversion;

26        h.    An injunction, as authorized by Business and Professions Code section 17203 enjoining

27            Defendants, their successors, agents, representatives, employees and all persons acting in

28            concert with them, from engaging in acts and practices that are in violation of Business and

1    Professions Code section 17200, including but not limited to the types of acts and practices

2    alleged herein.

3    i.    An order directing Defendants to pay restitution in an amount according to proof, as

4      authorized by Business and Professions Code section 17203, for violations of Business and

5      Professions Code section 17200 et seq.

6    j.    An order directing Defendants to disgorge all monies, including any profits, they gained as a

7      result of their violations of Business and Professions Code section 17200 et seq..

8    k.    Punitive Damages;

9    l.    Attorney's fees and costs as allowed for in the contract between Plaintiff and Defendant and

10      pursuant to 11 U.S.C. § 362(k);

11    m.    For such other and further relief as the Court deems just and proper.

12 Dated: _3/29/2017_

                     **FRALEY & FRALEY**

15                      Gary Ray Fraley, Attorney for
                     Brian Kenneth Sanchez

**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF THE AUTOMATIC STAY AND
RELATED STATE AND FEDERAL CAUSES OF ACTION**

-16-